IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMAN C. SHAW, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 CV 276 MJR |
| ) | |
| COUNTY OF MADISON, ILLINOIS, et al., ) | |
| ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Issue of the Complaint and Summons filed by the plaintiff, Roman C. Shaw, on January 1, 2005 (Docs. 4, 7 and 8). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

Findings of Fact

On April 23, 2004, the plaintiff, Roman C. Shaw, filed a Complaint pursuant to 42 U.S.C. §1983 and alleges that this Fourth and Fourteenth Amendment rights were violated by the defendants. In the complaint, which is not particularly clear, the plaintiff appears to be stating that he was falsely arrested on September 19, 2002 while in state court on another matter. He is suing the County of Madison, Illinois, the County in which he was arrested, the presiding Judge, Clarence Harrison, and Chief Judge Edward Ferguson, in a supervisory capacity. The plaintiff asserts that he was injured by the loss of liberty, humiliation, and lost wages. He further asserts that at a trial, which the Court infers was for a criminal matter, he was denied the right to a jury trial and a "mistake" free trial.

Summons were issued to the plaintiff on April 23, 2004 for Judges Ferguson and Harrison. On July 1, 2004, the docket reveals that a document, entitled "Certificate of Service" directed to the "Attorney General Metro East," was filed. On January 11, 2005, the Clerk issued a notice of impending dismissal for the failure to effect service on the defendants. On January 21, 2005, the plaintiff filed two further documents that appear to indicate a return of service on Judge Ferguson and Judge Harrison. No appearance has been entered for any of the defendants and no responsive pleadings have been filed.

## Conclusions of Law

The first issue before the Court is the vagueness of the plaintiff's complaint. He appears to be asserting that he was arrested and tried in violation of the Constitution of the United States. It is unclear, however, exactly what part each of the defendants played in the arrest and/or conviction of the plaintiff. There are numerous paragraphs in the complaint are incomprehensible and are so riddled with spelling and grammatical errors that they are unintelligible. For example, paragraph 5 of the Complaint states "While being arrested he said Clarence harrison, [sic] we got another person to option twice." It is unclear who "he" is and what the phrase "option twice" means either in this sentence or in the context of the Complaint. Any defendant would be hard-pressed to discern what the claims are against him and what allegations the plaintiff is actually making. Thus, the plaintiff has failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." S<small>EE</small> F<small>EDERAL</small> R<small>ULE</small> <small>OF</small> C<small>IVIL</small> P<small>ROCEDURE</small> 8(a).

The second matter before the court concerns service of process. Federal Rule of Civil Procedure 4 governs service of the summons and complaint on defendants in Federal Court.

Rule 4(c)(1) and 4(m) provide that the summons and complaint shall be served on the defendants within 120 days of the filing of the Complaint. Rule 4(c)(2) states that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Rule 4(e) provides that service upon individuals within this district can be effected by following the laws of this state, or:

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
>
> RULE 4(e)(2).

Thus, the Federal Rules provide for when, by whom, and how the summons and Complaint can be served. The Illinois rules concerning service of process are located in 735 Illinois Compiled Statutes 5/2-201-213. Service of process must be accomplished, based on the particular circumstances, by a sheriff, coroner, a licensed private detective, or by a private person over 18 years of age who is not a party (with Court approval). 735 ILL. STAT. COMP. §5/2-202. Service on an individual is accomplished by delivering summons to the defendant personally or by leaving a copy at the defendants usual place of abode and also mailing a copy to the defendant. 735 ILL. STAT. COMP. §5/2-203. Service on a public corporation is effected by "leaving a copy with the chairperson of the county board or county clerk in the case of a county." 735 ILL. STAT. COMP. §5/2-211.

In this case, it appears that the plaintiff attempted to serve the county by mailing a copy of the civil cover sheet to the "Attorney General Metro East, defendants [sic] employer" at the address, "Reginal [sic] Office 201 West Point Dr. Belleville, Ill. 62226." (See Document 4)  In

3

attempting to serve Judge Ferguson, the plaintiff, himself, appears to have mailed a copy to his place of employment and personally served the summons and complaint at the place of employment.  The return of service is dated February 28, 2004.  This same procedure was employed by the plaintiff to serve Judge Harrison.  The address used for both Judges is 157 N. Main Street, Edwardsville, Illinois, 62025.

The plaintiff's attempts at service of process are patently defective with respect to all three defendants.  The plaintiff has neither followed the instructions in Federal Rule of Civil Procedure 4(e) nor has he followed the procedures outlined by Illinois law.  First, he attempted to serve the defendants himself.  This is not allowed by either federal law or state law.  Second, it is not apparent that he served the defendants within the 120 day period provided by Rule 4(m).  The returns themselves are dated February 28, 2004, *before* this lawsuit was filed.  Third, he did not personally serve the individual defendants (through a person who is not a party) at their "usual place of abode" nor did he seek leave of court to serve the defendants at their place of employment.[1]  Fourth he did not serve the County in the manner prescribed by State law nor is there any showing that mailing a copy of the summons and complaint to the State's Attorney General is appropriate in this case.   The plaintiff received a notice on January 11, 2005 regarding the failure to properly serve the defendants.  He thereafter failed to cure the defect and still has not complied with the Federal Rules of Civil Procedure.

For the reasons set forth above, it is **RECOMMENDED** that, pursuant to Rule 4(m), the

---

[1] Which he should have done, pursuant to Illinois Law, as it is highly unlikely that he will be able to acquire the addresses of sitting Judges.

Complaint be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

In addition, should be plaintiff re-file his complaint, it is further **RECOMMENDED** that the plaintiff be required to submit a more definite statement of the claims against each defendant pursuant to Federal Rule of Civil Procedure 12(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 27, 2005**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**