IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROMAN SHAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0276-MJR |
| | ) | |
| **COUNT OF MADISON, ILLINOIS,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On April 23, 2004, Plaintiff Roman Shaw filed a complaint alleging his Fourth and Fourteenth Amendment rights were violated by Defendants pursuant to **42 U.S.C. § 1983** (Doc. 1). Shaw claims that he was falsely arrested on September 19, 2002 while in state court on another matter. His complaint is against Madison County, Illinois, where he was arrested, the presiding judge, Judge Clarence Harrison, and Chief Judge Edward Ferguson, in a supervisory capacity.

Summons was issued to Shaw on April 23, 2004 for Judge Ferguson and Chief Judge Harrison. On July 1, 2004, the docket sheet reflects that a document entitled "Certificate of Service" directed to the "Attorney General Metro East" was filed by Shaw. On January 11, 2005, the Clerk of this Court issued a notice of impending dismissal for failure to effect service on Defendants. On January 21, 2005, Shaw filed two further documents that appear to indicate a return of service on Judge Ferguson and Chief Judge Harrison. No appearance or responsive pleadings have been filed for any of Defendants.

On April 27, 2005, United States Magistrate Judge Donald G. Wilkerson submitted a Report (Doc. 10) recommending that the undersigned District Judge *dismiss without prejudice*

Shaw's complaint. The Report states that Shaw's complaint is so vague and incomprehensible that it fails to satisfy **FEDERAL RULE OF CIVIL PROCEDURE 8(a)**'s pleading requirements. Additionally, the Report states that Shaw has failed to effectuate proper service on any of the Defendants pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 4**. Accordingly, the Report recommends that Shaw's complaint be dismissed without prejudice and that Shaw be directed to file an amended complaint clearly delineating his claims as to each Defendant.

Magistrate Judge Wilkerson's Report was sent on April 27, 2005, to the parties with a "NOTICE" informing them of their right to appeal by way of filing "objections" within ten days of *service* of the Report. To date, no objections have been filed by the parties, and the period in which such objections may be filed has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS in its entirety** Magistrate Judge Wilkerson's Report (Doc. 10) and **DISMISSES** *without prejudice* Shaw's complaint (Doc. 1). The Court **DIRECTS** Shaw to file an amended complaint clearly delineating his claims as to each Defendant **on or before Friday, June 24, 2005**. The Court **WARNS** Shaw that failure to file an amended complaint on or before June 24, 2005 will result in dismissal of this matter with prejudice and this matter will be closed.

**IT IS SO ORDERED.**

**DATED this 18th day of May, 2005.**

                                                  **s/ Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**